### STEPHENS v. TOWN OF GROVELAND, et al.
### No. 6238.

Circuit Court, Lake County.

June 17, 1958.

T. C. Cork and C. Welborn Daniel, both of Clermont, for plaintiff.

Z. D. Giles, Leesburg, and Gurney, McDonald & Handley, Orlando, for defendants.

T. G. FUTCH, Circuit Judge.

This is an action in tort against the town of Groveland, a municipal corporation, and one of said town's police officers, whereby the plaintiff seeks to recover damages alleged to have been inflicted upon him by and through the alleged unlawful conduct of two of the municipality's police officers.

The allegations of the complaint are that the police officers placed the plaintiff under arrest and that while he was in their custody, they proceeded to inflict serious and diverse wounds on and about the person of the plaintiff by beating him with a club and shooting him in the left leg near the knee joint, all of which plaintiff alleges was done and perpetrated by said officers without justification, provocation or cause.

Prior to the opinion and decision of the Supreme Court of Florida, filed June 28, 1957, in Hargrove v. Town of Cocoa Beach, 96 So. 2d 130, the position of policeman or marshal conferred upon any sort of rough-neck by any municipality in this state, afforded such individuals perfect shelter to beat, wound, shoot, or otherwise illtreat anyone whom he chose to have or make an excuse to arrest.

As such officer he could inflict such indignities upon anyone whom he took into custody and regardless of the extent of the injuries inflicted, the victim had no recourse. This was true because the individuals who accepted such positions invariably were without assets of their own and the law as applied by the Supreme Court of Florida clothed the municipality with immunity. However, the Supreme Court of Florida, in the case above cited, denounced the doctrine of immunity which it had theretofore adhered to and receded from its former decisions to that effect, thus depriving municipalities of the cloak of divine rectitude manufactured for the King of England hundreds of years ago and expressed by the maxim "The King can do no wrong."

The opinion of the Supreme Court above referred to is rather lengthy and to some extent involved in its phraseology, but there seems no doubt it was the intention of that court to make it plain that a municipal corporation is liable for the acts of its agents, officers and employees under the same circumstances as any other corporation, with the exception of the quasi-judicial and quasi-legislative acts of such municipality. The Supreme Court, in its opinion above mentioned, used the words—"We here merely hold that when an individual suffers a direct, personal injury proximately caused by the negligence of a municipal employee while acting within the scope of his employment, the injured individual is entitled to redress for the wrong done." Because of this wording, the defendant in this case has advanced the argument that the municipality is liable only for injuries by accident and not for those wrongfully and intentionally inflicted by its officers. This court cannot go along with that line of reasoning and thereby attribute to our Supreme Court any such one-sided, immature reasoning.

It is therefore ordered that defendants' motion to dismiss the complaint in this cause be and the same is overruled and denied.